Marshall *v.* Smith.

---

## Isaac Marshall *vs.* Jacob C. Smith & *als.*

Where, by the terms of a written contract, one party is to build a vessel and convey the same by a bill of sale to the other on a day fixed, and the other party is to pay therefor at a time subsequent to that fixed for the sale ; and where the bill of sale is made, within the time prescribed, wherein is contained an acknowledgment of payment of the consideration money; the bill of sale does not estop the vendee from recovering the price in an action on the contract.

Where one contracts in writing with three persons to give a bill of sale of two thirds of a vessel to two of them and of one third to the other, and in pursuance of the contract does convey two thirds ; this is not a severance of the cause of action, and a suit may be maintained for the price against the whole.

Assumpsit to recover the price of a vessel, alleged to have been built and delivered to the defendants, founded on two agreements in writing, not under seal, the substance of which appears in the opinion of the Court. The defendants then read a bill of sale from the plaintiff to *Smith & Parsons*, two of the three defendants, under seal, made after the agreements, in which he transferred to them

two thirds of the vessel, and therein acknowledged the receipt of payment in full therefor. The plaintiff then offered to prove, that the bill of sale was intended only as a transfer of so much of the vessel, and not as evidence of payment; that he did not receive payment in full; that the accounts between the parties in regard to the building of the vessel were still unadjusted; and that subsequently to the bill of sale, *Smith & Parsons* admitted their indebtedness to the plaintiff for building the vessel. *Weston C. J.* presiding at the trial, refused to admit the evidence, holding the plaintiff estopped by his bill of sale. The counsel of the plaintiff then contended, that the bill of sale could be regarded as evidence only of the payment of two thirds of the vessel, and that he ought to recover the balance. The Chief Justice ruled, that although the contract was originally joint, it was severed by the bill of sale and acknowledgment of payment, and that the action could not be maintained against the three defendants. By agreement the plaintiff became nonsuit. If in the opinion of the Court, the evidence offered was admissible, or if the action could be maintained against all the defendants, a new trial was to be ordered.

*Tenney*, for the plaintiff, argued in support of the points made at the trial; and, on the question of estoppel, referred to the argument for the plaintiff, in *Norton* v. *Preston, ante p.* 14.

*Wells*, for the defendants, argued in support of the ruling at the trial, citing on the first point the argument for the defendants in *Norton* v. *Preston ;* and on the second point, *Holland* v. *Weld*, 4 *Greenl.* 255 ; and *Baker* v. *Jewell*, 6 *Mass. R.* 460.

The opinion of the Court was afterwards drawn up by

SHEPLEY J. — The written contracts between the parties exhibit their rights and duties. By the first contract, under date of *February* 7, 1834, the plaintiff agrees to build a vessel in the manner therein prescribed. *Smith* and *Parsons*, who are partners, agree to take one quarter, and *Dunning* another quarter of the vessel for what the other half sells for when launched. The whole is pledged to them for advances ; and payment is to be made from their respective stores, in goods.

By another agreement of the twelfth of *July* following, the plaintiff agrees " to sell and deliver unto the said *Dunning, Smith* and *Parsons ; Dunning* to have one third, and *Smith* and *Parsons* two thirds of the vessel." The hull is to be completed " and de- livered afloat by the nineteenth day of *July* current."

The mode of payment is agreed to be as follows. Deducting, first, all advances already made by either to the plaintiff, or on ac- count of the vessel ; secondly, all liabilities they have incurred or may incur for the plaintiff ; thirdly, all such bills as the vessel is liable for, " and pay the remainder in three and six months, equal payments."

The agreement is for a sale and delivery, and the intention of the parties doubtless was, that the sale should take place and the delivery be made at the same time. The plaintiff was to sell and deliver as one transaction, to be carried into effect at one time. When was it to take place ? The contract answers, " by the nine- teenth day of *July* current."

He did convey to *Smith* and *Parsons,* by bill of sale in the usual form, stating the consideration and acknowledging payment of it on the sixteenth day of *July,* three days before the time stip- ulated.

Was it not the intention of the parties, that the sale should be made by bill of sale in the usual form ? The laws of the *United States* having required, that in case of sale " there shall be some instrument in writing, in the nature of a bill of sale," the legal conclusion is, that they must have intended that such an instru- ment should be made, and be the evidence of title.

The final adjustment and payment was not, by the agreement, to take place at the time of the sale, or before that day ; for a credit of three and six months was given, from the date of the last con- tract. The plaintiff, then, was to execute the bill of sale and de- liver the vessel before he could call for his pay ; and it is not read- ily perceived how he could, at the time of sale and delivery, or be- fore the first instalment became due, have compelled an adjustment. The promises of the parties were not dependent, or to be perform- ed at the same time.

The plaintiff, in making the bill of sale of two thirds of the vessel to *Smith* and *Parsons,* did nothing inconsistent with, or op-

posed to his contract. The act was one required by it; and the acknowledgment of payment in the bill of sale, could not estop him on his independent contract, requiring payment to be made at a future time. Both contracts may with perfect consistency be enforced ; and the doctrine of estoppel does not apply.

Nor was the conveyance of the two thirds a severance of the joint contract, because by it they had all agreed that *Smith* and *Parsons* should take the two thirds, and *Dunning* one third. And the fair construction of the contract is, that when the sale was made, it should be so made as to convey to each his proportion. And it cannot be material, if each obtained his part, whether the conveyance was by a joint or by separate bills of sale. The conveyance made, being in accordance with the contract and provided for by it, does not operate as a severance of it ; and not operating as an estoppel, there must be a new trial.

*Nonsuit set aside and a new trial granted.*